

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIETTA SHANNON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 01 C 252 |
| MICHAEL F. SHEAHAN, Sheriff of Cook County, | ) Judge Rebecca R. Pallmeyer ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Archietta Shannon filed suit against her former employer, the Sheriff of Cook County, alleging disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Specifically, Shannon claims that Defendant discriminated against her because of her disabling rheumatoid arthritis, failed to accommodate her disability, and retaliated against her by suspending her without pay after she filed complaints of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR").[1]

On February 18, 2003, the court granted summary judgment to Defendant on all of Shannon's claims. Shannon v. Sheahan, No. 01 C 252, 2003 WL 366584 (N.D. Ill. Feb. 18, 2003) ("Shannon I"). On Shannon's motion to reconsider, the court affirmed dismissal of the discrimination and failure to accommodate claims, but reopened the record for the limited purpose of allowing Shannon the opportunity to address whether certain acts of retaliation not raised in her underlying EEOC charge are nonetheless appropriate bases for her retaliation claim. Shannon v. Sheahan, No. 01 C 252, 2003 WL 22937924 (N.D. Ill. Dec. 11, 2003) ("Shannon II"). The court has

---

[1]    Shannon purports to bring her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., but her EEOC and IDHR charges allege discrimination solely on the basis of her disability.

reviewed the parties' additional submissions on this issue and now affirms summary judgment in favor of Defendant.

## BACKGROUND

The facts of this matter are more fully presented in this court's February 18, 2003 and December 11, 2003 Memorandum Opinions and Orders. *See Shannon I*, 2003 WL 366584, at *1-7; *Shannon II*, 2003 WL 22937924, at *1-2. This opinion assumes the reader's familiarity with the earlier decisions and will summarize only those facts relevant to the limited issue remaining before the court.

### A.    Shannon's Injury

Shannon worked as a deputy sheriff in the Court Services Division of the Cook County Sheriff's Office. *Sheahan II*, 2003 WL 22937924, at *1. On August 30, 1995, she injured her right knee and her right ankle at work. Following this injury, she went on "injured on duty" status, during which she underwent arthroscopic surgery on her right knee. *Id.* The surgery was unsuccessful and she remains unable to walk without the assistance of a cane or walker. *Id.*

### B.    Shannon's New Assignment and Charges of Discrimination

Shannon returned to work in November 1996 and was assigned to a new sedentary position that accommodated her physical restrictions – i.e., recording information about packages delivered through the freight tunnel in the basement of the County Building while seated at a desk. *Id.* at *2. Shannon found the new assignment "humiliating" because she did not feel that it was a "real position." She also objected to being located near the garbage dumpsters, which exacerbated the nausea that resulted from her prescribed medications. In addition, Defendant allegedly required Shannon to use a bathroom located a great distance from her desk, and she often soiled herself because of her difficulty walking and her medications that made her incontinent. *Shannon I*, 2003 WL 366584, at *3. It is undisputed that Defendant denied Shannon's request to transfer to a

2

"position in the warrant department" she had held sometime prior to her injury because Defendant had already created a position for her in the freight tunnel. *Shannon II*, 2003 WL 22937924, at *2. It is also undisputed that as of November 1996, Shannon was replaced as union steward, a position she had held from 1987 to 1995. *Shannon I*, 2003 WL 366584, at *1, 3. Shannon filed a charge of discrimination with the EEOC and the IDHR sometime in November 1996 (Charge No. 1997CF1226), but neither party has provided a copy of that charge or described the specific allegations. *Shannon II*, 2003 WL 22937924, at *2.

Shannon claims that her new supervisor as of November 1996, Chief Loretta Collins, wanted her terminated because Shannon had filed a request for "injured on disability" status after Collins "bumped" her in Collins's office during a disagreement, and because Shannon had reported Collins to the County for misuse of a County vehicle and for falsification of time sheets.[2] Thereafter on June 17, 1997, Shannon was sent home from work and suspended with pay pending an Internal Affairs investigation into two complaints of misconduct that allegedly took place on January 7 and June 12, 1997. *Id.* Two days later on June 19, 1997, Shannon filed a second charge of discrimination with the EEOC (Charge No. 1997CF3177) alleging that her June 17 suspension was in retaliation for her filing the previous charge of discrimination in November 1996. *Id.*; *Shannon I*, 2003 WL 366584, at *6.

On October 22, 1997, Defendant changed Shannon's status to suspended without pay. Shannon responded with a third charge of discrimination (Charge No. 1998CF1175) filed on November 11, 1997. *Shannon I*, 2003 WL 366584, at *6. In that charge, which is the underlying charge in this lawsuit, Shannon alleged that Defendant discriminated against her based on her

---

[2]    In her Second Supplemental Brief in Support of Motion to Reconsider and to Amend or Alter Judgment, Shannon claims that she filed the request for injured on disability status on January 8, 1997. (*Id.* at 2.) The record citation, however, does not confirm this date. Shannon does not provide dates for the other alleged incidents.

disability, and retaliated against her for filing the June 19, 1997 charge by changing her status to "unpaid" in October 1997. *Shannon II*, 2003 WL 22937924, at *2.

## C.    The Court's Opinions

The court initially granted summary judgment to Defendant on Shannon's retaliation claim, finding that though she had engaged in protected activity by filing the June 19, 1997 charge of discrimination and had suffered an adverse employment action when her suspension was altered from paid to unpaid status on October 22, 1997, she had not proven a causal connection between the two events. *Shannon I*, 2003 WL 366584, at *11. In the court's view, the four-month gap between the charge and the altered suspension status was "counter-evidence of any causal connection." *Id.* at *12 (quoting *University of Wisconsin-Eau Claire*, 70 F.3d 469, 480 (7th Cir. 1995), and citing *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918-19 (7th Cir. 2000) (finding three month gap between protected activity and adverse employment action too long to raise inference of discrimination)). Moreover, the adverse action "flowed from an investigation of incidents that occurred in the days and months before Plaintiff filed her charge," and it was those earlier incidents that resulted in her removal from the payroll in October 1997. *Id.*

On reconsideration, Shannon argued that the court erred in considering only one protected activity – the filing of her June 19, 1997 charge of discrimination – as a basis for her retaliation claim, even though that was the only protected activity included in her November 1997 EEOC charge. *Shannon II*, 2003 WL 22937924, at *7. Shannon identified several additional protected activities that, she said, led Defendant to retaliate against her, including (1) filing EEOC charges in 1996 and 1997; (2) making complaints regarding Collins's activities and Shannon's assignment to the basement; (3) filing a request for "injured on disability" status after Collins bumped her in her office during a disagreement; and (4) attempting to regain her union steward position after she was injured. *Id.* Defendant failed to address the "obvious defense" that these allegations went beyond

the scope of Shannon's EEOC charge, so the court gave Shannon "a further opportunity to respond to the court's concerns, and establish that the protected activities she has identified are appropriate bases for her retaliation claim, despite her failure to identify them in her underlying EEOC charge." *Id.*

The court cautioned, however, that Shannon should also discuss whether there is a causal link between her change in status and these earlier protected activities, noting that "[l]ack of temporal proximity and the investigation of Plaintiff's alleged misconduct may well also doom" such a claim. *Id.* The court acknowledged that Shannon filed EEOC charges in November 1996 and June 1997, but noted that her change in status did not occur until months later in October 1997. In addition, Shannon "did not bother to identify the dates on which she complained about Collins's activities and her assignment to the basement and attempt to regain her union steward position." *Id.* The court suspected, however, that these events likely occurred shortly after Shannon returned to work in November 1996, "and almost certainly more than four months prior to her October 1997 change in pay status." *Id.* The court further notes here that at least two of Shannon's additional activities – filing a request for "injured on disability" status and attempting to regain the union steward position – do not constitute protected activities for purposes of a retaliation claim. Nevertheless, to make the record clear, the court allowed Shannon to submit further evidence on these issues.

## DISCUSSION

The court has reviewed the parties' additional submissions on the retaliation claim. Nothing in the record satisfies the court's concerns, identified earlier, that the time gap between any of Plaintiff's protected activities and the adverse action is so large as to defeat any inference of causation. Nor has Plaintiff bothered to identify similarly situated employees who did not file EEOC charges and were treated more favorably, the method for proving retaliation more recently favored

in our Court of Appeals. *See Mannie v. Potter*, 394 F.3d 977, 984 (7th Cir. 2005), citing *Stone v. City of Indianapolis Public Utilities Div.*, 281 F.3d 640, 643-44 (7th Cir. 2002).

The court notes, further, that Defendant appears to be entitled to summary judgment on another basis, as well. In *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961 (7th Cir. 2004), the Seventh Circuit held that compensatory and punitive damages are not available to plaintiffs asserting an ADA retaliation claim. *Id.* at 965. Rather, such plaintiffs are entitled to seek only equitable remedies, such as injunctive relief, reinstatement, or back pay. *Id.* at 966. In addition, "[t]here is no right to a jury where the only remedies sought (or available) are equitable." *Id.* (citing *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002)).

In this case, injunctive relief is not available to Shannon on her retaliation claim because she is no longer employed by the Cook County Sheriff's Office. *See, e.g., Berry v. Illinois Dep't of Human Servs.*, No. 00 C 5538, 2001 WL 111035, at *8 (N.D. Ill. Feb. 2, 2001) ("[T]hose plaintiffs that are no longer employed by IDHS would not have standing to seek an injunction modifying IDHS's future conduct.") Nor is Shannon entitled to reinstatement; she is unable to perform the essential functions of the deputy sheriff position she seeks and, thus, she is not a qualified individual with a disability and is not entitled to any accommodation from Defendant under the ADA. *Shannon I*, 2003 WL 366584, at *8-10; *Shannon II*, 2003 WL 22937924, at *3-6. For similar reasons, Shannon is not eligible for back pay. *Id.* at *10 ("Because Shannon has admitted she is unable to perform the duties of the deputy sheriff position, the position she seeks in this lawsuit, there is some question as to what, if any, damages she would be entitled to if she were successful in pursuing her retaliation claim."); *Shannon II*, 2003 WL 22937924, at *3-6.

## CONCLUSION

The court has already dismissed Shannon's discrimination and failure to accommodate claims under the ADA. For the reasons stated, the court now affirms summary judgment in favor of Defendant on Shannon's ADA retaliation claim, as well. This order is final and appealable.

ENTER:

Dated: March 24, 2005

REBECCA R. PALLMEYER
United States District Judge